UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO DEVON McGREW,            )
                               )
       Plaintiff,          )
                               )
   v.                          )   CAUSE NO. 3:15-CV-327 RM
                               )
JULIE LAWSON, *et al.*,        )
                               )
       Defendants.         )

OPINION AND ORDER

Mario Devon McGrew, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 against four defendants based on event which occurred at the St. Joseph County Jail where he is housed as a pre-trial detainee. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review prisoner complaints pursuant to 28 U.S.C. § 1915A. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. McGrew alleges that on June 8, 2015, his cellmate told Correctional Officer Worth that Mr. McGrew had tried to remove a window and then attacked him. Mr. McGrew says this was a lie, but the officer believed the cellmate and charged Mr. McGrew with violating jail rules. He was placed in segregation pending a disciplinary hearing in

which Hearing Officer Fisher found him guilty and sentenced him to 30 days in segregation. As a pre-trial detainee, Mr. McGrew couldn't be punished without due process of law. Bell v. Wolfish, 441 U.S. 520 (1979). Mr. McGrew received due process. He was given a hearing and found guilty after his cellmate reported that he was trying to remove a window and had attacked him. Though he argues that the hearing officer should have believed him and not his cellmate, the uncorroborated statement of a single witness is sufficient to support a conviction. Weiler v. United States, 323 U.S. 606, 608 (1945). ("Triers of fact in our fact-finding tribunals are, with rare exceptions, free in the exercise of their honest judgment to prefer the testimony of a single witness to that of many."). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). *See also* McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (In the prison disciplinary setting, a conduct report alone may be sufficient evidence to support a finding of guilt.). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). The testimony of Mr. McGrew's cellmate was more than enough evidence on which to find him guilty and place him in segregation.

Mr. McGrew alleges that though he has completed the 30 days to which he was sentenced, he remains in segregation and confined to his cell 23 hours a day. Not every placement of a pre-trial detainee in segregation constitutes punishment, and when done

2

for legitimate security reasons, such placements don't violate due process. Zarnes v. Rhodes, 64 F.3d 285, 291 n.5 (7th Cir. 1995), *see also* Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). Mr. McGrew was found guilty of having attacked his cellmate; retaining him in segregation would be a prudent method of protecting other inmates at the jail. He was also found guilty of trying to remove a window; retaining him in segregation would be a prudent method of preventing him from escaping or otherwise compromising the security of the jail. Because it wouldn't be plausible to infer that he has been retained in segregation as punishment, these allegations don't state a claim.

Mr. McGrew alleges that he has complained to Warden Julie Lawson about being in segregation, but she hasn't done anything. Though it doesn't appear that there was any need for her to respond, "the alleged mishandling of [his] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). So even had his placement in segregation been improper, he couldn't sue Warden Lawson just because she didn't respond to his grievances about the subject.

Finally, Mr. McGrew alleges that Captain Richmond won't help him get legal materials from his lawyer. Based on this allegation, Mr. McGrew evidently has a lawyer representing him in a case in court. Though it appears that he might be dissatisfied with that representation, it's unclear why he thinks Captain Richmond has any obligation to intervene. "The right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court." Pruitt v. Mote,

3

503 F.3d 647, 657 (7th Cir. 2007) (en banc) (quotation marks, citations and ellipsis omitted). There is no indication that Captain Richmond has prevented Mr. McGrew from writing to the court in either this case or the case where he is represented by an attorney, so he hasn't plausibly stated a claim against Captain Richmond.

This complaint doesn't state a claim. Mr. McGrew will be allowed to file an amended complaint if he believes that by doing so he could state a claim. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, if he files one, Mr. McGrew needs to set forth every claim and that his trying to bring in this case. He needs to provide all the relevant facts. Finally, he would need to provide a summons and USM-285 form for each defendant. Alternatively, he if has no additional information for the court to consider in this case, he need not respond to this order.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A;

(2) DIRECTS the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form and send it to Mario Devon McGrew along with four summons and four USM-285 forms; and

(3) GRANTS Mario Devon McGrew until September 16, 2015, to file an amended complaint.

If Mr. McGrew doesn't respond by that deadline, final judgment will be entered against him pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

ENTERED: August  27 , 2015

                 /s/ Robert L. Miller, Jr.
               Judge,
               United States District Court