UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO DEVON McGREW,              )
                                 )
                Plaintiff,       )
                                 )        CAUSE NO. 3:15-CV-327 RLM
        v.                       )
                                 )
JULIE LAWSON, *et al.*,          )
                                 )
                Defendants.      )

## OPINION AND ORDER

Mario Devon McGrew, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983 against four defendants based on events which occurred at the St. Joseph County Jail where he is housed as a pre-trial detainee. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints under 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). In this case, though the defendants acted under color of state law, the complaint doesn't allege that they have deprived Mr. McGrew of a federal constitutional right.

Mr. McGrew alleges that on June 11, 2015, the Conduct Adjustment Board (CAB) found him guilty of trying to escape from the St. Joseph County Jail and was disciplined

by being placed in Max/Seg and required to wear a red jumpsuit. DE 5-1 at 5. Mr. McGrew argues that he didn't try to remove the window or escape. He argues that the CAB was wrong to have found him guilty, and that the CAB should have believed him. The substance of his claim is a request that this court re-try that case and re-weigh the evidence. He wants this court to re-evaluate the credibility of the witnesses and believe him. Federal courts don't do that. *See* <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985). Though the CAB was required to resolve contradictory evidence and it could have reached a different result, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." <u>Id.</u> A pre-trial detainee can't be punished without due process of law, <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979), but Mr. McGrew received due process. He was given a hearing and found guilty of trying to remove a window at the jail.

Even had there been no hearing, not every placement of a pre-trial detainee in segregation constitutes punishment and when done for legitimate security reasons such placements don't violate due process. <u>Zarnes v. Rhodes</u>, 64 F.3d 285, 291 n.5 (7th Cir. 1995), *see also* <u>Higgs v. Carver</u>, 286 F.3d 437, 438 (7th Cir. 2002). Though Mr. McGrew objects to being in segregation, being classified as a high risk prisoner, and being required to wear a red uniform, these are security measures taken to prevent him from escaping or otherwise compromising the security of the jail. "[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators [because p]rison administrators should be accorded wide-ranging deference in the adoption and execution

of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." <u>Whitley v. Albers</u>, 475 U.S. 312, 321–22 (1986) (quotation marks and ellipsis omitted).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" <u>Kingsley v. Hendrickson</u>, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (*quoting* <u>Bell</u>). Placing Mr. McGrew in segregation and requiring him to wear a red jumpsuit is rationally related to the legitimate security concerns of the jail and these measures are not excessive in relation to that purpose.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: September  23 , 2015

                     ____/s/ Robert L. Miller, Jr._____
                     Judge,
                     United States District Court

3